IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PATRICIA L. WALKER,

Plaintiff,

v.

STATE OF GEORGIA,

Defendant.

CIVIL ACTION NO.
1:14-CV-00930-TWT

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

Plaintiff, acting pro se, seeks leave to file this civil action in forma pauperis, without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). Docket Entry [1]. The affidavit of poverty indicates that Plaintiff is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Plaintiff's request to proceed *in forma pauperis* **IS HEREBY GRANTED**. Therefore, this action shall proceed as any other civil action, and Plaintiff shall be allowed to proceed without prepayment of a filing fee.

Because Plaintiff is proceeding without paying filing fees, however, the Court shall consider the frivolity of Plaintiff's Complaint pursuant to 25 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides that a federal court is required to dismiss an in forma pauperis complaint at any time if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune

from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993), cert. denied, 510 U.S. 893 (1993). Additionally, a complaint must contain specific factual matter, accepted as true, to state a claim for relief that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007). Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)). Thus, a complaint, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. .

Plaintiff's Complaint in this case is difficult to understand and does not contain specific factual allegations that state a claim for relief. The Complaint is essentially a two-page letter generally referencing sexual assaults in juvenile detention ceners in Georgia and listing online news articles related to abuse. Plaintiff appears to infer that Archie Walker, III, on whose behalf she is filing the Complaint, suffered some form of abuse while detained as a juvenile, and references other cases in which she sought to

2

bring an action for such abuse.[1]  However, Plaintiff alleges no specific facts in support

of any abuse against Mr. Walker, or any other individual.[2]  Plaintiff references only one

statute, 42 U.S.C. § 14141, in the body of the Complaint.  Plaintiff acknowledges,

however, that she cannot seek relief under 42 U.S.C. § 14141.  Plaintiff is correct.

Notably, 42 U.S.C. § 14141 only authorizes civil actions by the Attorney General and

does not provide a right of action for private citizens.  See Mendia v. City of

Wellington, 432 F. App'x 796, 798 (10th Cir. 2011); Rangel v. Reynolds, 607 F. Supp.

2d 911, 925 n.6 (N.D. Ind. 2009); Greer v. Hillsborough Cnty. Sheriff's Dep't, No.

8:04-CV2034T23MSS, 2005 WL 2416031, at *2-3 (M.D. Fla. Sep't 30, 2005).[3]

---

[1] See e.g., Walker v. Governor of Ga., et al, No. 1:11-cv-03941-TWT (filed N.D. Ga. Nov. 16, 2011); Walker v. Perdue, No. 1:10-CV-3540-TWT (filed N.D. Ga. Oct. 29, 2010).  Similar, though more detailed, claims of abuse made against the Governor and State of Georgia were dismissed from those cases.

[2] Based on this Court's review of Plaintiff's IFP Application and the fact that Plaintiff receives disability benefits for Archie Walker, III, Plaintiff may be Mr. Walker's relative or guardian. See Docket Entry [1], p. 2.

[3] Plaintiff also cites to 42 U.S.C. §§ 1983 and 1992 in her civil cover sheet. Section 1992 does not provide for an independent cause of action, but instead authorizes the President to requisition United States judges, marshals, and attorneys for the purposes of speedy trials. Additionally, any claim under Section 1983 is barred by Eleventh Amendment immunity and res judicata. First, the Eleventh Amendment bars suits against a state by both citizens of another state as well as suits initiated by the state's own citizens. See Summit Med. Assoc., P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999); Fincher v. State of Fla. Dep't of Labor and Emp't Sec. - Unemp't Appeals Comm'n, 798 F.2d 1371, 1372 (11th Cir. 1986) (finding that Eleventh Amendment immunity shielded state commission against Section 1985 claims). Second, Plaintiff previously asserted a Section 1983 claim against the State and Governor of Georgia for the same alleged abused, and that claim was dismissed. See Walker, No. 1:11-cv-03941-TWT. Res judicata, or claim preclusion, forecloses relitigation of matters actually or potentially litigated in an earlier lawsuit, such as

AO 72A
(Rev.8/82)

Because Plaintiff has alleged not specific factual allegations and because the causes of action she advances are barred, Plaintiff's Complaint fails to state a claim for relief, and this Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2).

As this is a Final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED and REPORTED AND RECOMMENDED**, this 24 day of April, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

Plaintiff's current claims. <u>Griswold v. Cnty. of Hillsborough</u>, 598 F.3d 1289, 1292 (11th Cir. 2010); <u>Pleming v. Universal Rundle Corp.</u>, 142 F.3d 1354, 1356 (11th Cir. 1998).

4

AO 72A
(Rev.8/82)